Filed 8/24/20  Zimmerman v. Holling CA2/6

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| LYNN BEHRENS ZIMMERMAN,<br><br>  Plaintiff and Respondent,<br><br>v.<br><br>BILL HOLLING et al.,<br><br>  Defendants and Appellants. | 2d Civil No. B294254<br>(Super. Ct. No. 18CV01746)<br>(Santa Barbara County) |

Bill Holling and RE/Max Gold Coast Realtors (collectively RE/Max defendants) appeal the trial court's order denying their anti-strategic lawsuit against public participation (anti-SLAPP) motion.  (Code Civ. Proc.,[1] § 425.16.)  We affirm.

**FACTUAL AND PROCEDURAL HISTORY**

Lynn Behrens Zimmerman brought a lawsuit against several defendants including Wells Fargo, N.A. and RE/Max

---

[1] Further unspecified statutory references are to the Code of Civil Procedure.

defendants. The gravamen of Zimmerman's complaint was the wrongful foreclosure of her property. She alleged the following causes of action: (1) violation of the Garn-St. Germain Act/RESPA; (2) breach of contract; (3) violation of FDCPA (15 U.S.C. § 1692f(6)); (4) wrongful foreclosure; (5) violation of the California Home Owner's Bill of Rights; (6) violation of Civil Code section 2934a; (7) cancellation of instruments; (8) false promises/fraud; (9) violation of the Unfair Competition Law; (10) false promises/fraud; and (11) intentional infliction of emotional distress. She alleged the third through ninth causes of action, all of which relate to wrongful foreclosure, "[a]gainst all defendants." She did not specify the defendants for the other causes of action. (See Cal. Rules of Court, rule 2.112 ["each separately stated cause of action . . . must specifically state . . . [¶] . . . (4) The party or parties to whom it is directed"].)

With respect to the RE/Max defendants, Zimmerman alleged that Holling "accompanied by two off duty sheriffs hired by him dressed to appear to be on duty . . . threatened, and intimidated [her] and gave her five minutes to get her dogs, her medicine and get out . . . [even though], there was no sheriff's order to remove her." She alleges a RE/Max agent "delivered a dumpster" and hired two men to "throw everything they didn't take themselves, (washer and drier [*sic*], refrigerator, four TVs, furniture hundreds of possession. 50k in stolen [items)]."

RE/Max defendants filed an anti-SLAPP motion to strike them from the complaint. They argued the only claims Zimmerman alleged against them were necessarily based on protected activity, i.e., enforcing the unlawful detainer judgment.

The trial court denied the anti-SLAPP motion, finding the RE/Max defendants did not meet its burden to

identify "all allegations of protected activity" in Zimmerman's complaint. The court noted that the "principal dispute" arose out of a foreclosure action between Wells Fargo and Zimmerman and "the only acts alleged by [Zimmerman] regarding conduct of moving parties occurred in 2016—long after the loan servicing and foreclosure." The court said it had "no factual basis to analyze the extent, if any, that the conduct of the moving parties arises out of protected activity under wrongful foreclosure or illegal lending practices theory." The court concluded that because RE/Max defendants "did not identify specific allegations that they seek to strike from the complaint," the anti-SLAPP motion must be denied.

## DISCUSSION

An order granting or denying an anti-SLAPP motion is appealable pursuant to sections 425.16, subdivision (i) and 904.1, subdivision (a)(13). We review the order de novo, applying a two-prong inquiry. (*Baral v. Schnitt* (2016) 1 Cal.5th 376, 384.) Under the first prong, the RE/Max defendants must show Zimmerman's cause of action "aris[es] from any act . . . in furtherance of [their] right of petition or free speech." (§ 425.16, subd. (b)(1).) Under the second prong, Zimmerman must "establish[] that there is a probability that [she] will prevail on [her] claim." (*Ibid.*)

RE/Max defendants contend the trial court erred when it found they did not carry their burden to meet the first prong of the anti-SLAPP inquiry. They argue they met their burden because the only claims Zimmerman alleged against them necessarily arose from their involvement in the enforcement of the unlawful detainer action. They argue that this is enough to establish that the claims against them arose from their

3

involvement in protected activity pursuant to section 425.16. (*Tichinin v. City of Morgan Hill* (2009) 177 Cal.App.4th 1049, 1071.) We disagree.

*Medical Marijuana, Inc. v. ProjectCBD.com* (2016) 6 Cal.App.5th 602 (*Medical Marijuana*), is instructive. There, the plaintiff sued Project CBD and other defendants for several causes of action, including libel and false light. (*Id*. at p. 608.) The complaint contained general factual allegations that Project CBD published false statements in October 2014. (*Id*. at pp. 610-611.) However, the portion of the complaint that specifically alleged libel and false light limited these causes of action to different statements published in April and May 2014. (*Id*. at p. 611.) The Project CBD defendants filed an anti-SLAPP motion to strike the libel and false light causes of action alleged against them. (*Id*. at p. 606.)

The Court of Appeal held the anti-SLAPP motion should be denied because the Project CBD defendants could not meet their burden under the first prong of the anti-SLAPP analysis. (*Medical Marijuana*, *supra*, 6 Cal.App.5th at p. 620.) Only the general factual allegations of the complaint referred to the Project CBD defendants, but the portions of the complaint setting forth the specified causes of action did not "allege any conduct on the part of the Project CBD defendants giving rise to the claims for liability in the libel and false light counts." (*Id*. at pp. 616-618, 620.) Thus, there was "no activity on the part of the Project CBD defendants, let alone activity that amounts to 'protected speech or petitioning.' [Citation.]" (*Id*. at p. 620.) The court stated it could not "engage in what would amount to redrafting of the [complaint] in order to read that document as alleging conduct that supports a claim that has not in fact been

4

specifically alleged, and then assess whether the pleading that we have essentially drafted could survive the anti-SLAPP motion directed at it." (*Id.* at p. 621.)

Here, the general factual allegations in the complaint refer to the RE/Max defendants' conduct in the course of the eviction, the RE/Max defendants do not identify any cause of action against them arising out of their involvement in the case. RE/Max defendants argue that this is so because all of the causes of action "centers around the wrongful foreclosure by Wells Fargo," which occurred prior to their involvement. Where "the operative complaint alleges no act on the part of the moving defendants in support of the claim or claims for relief that those defendants seek to strike from the complaint, the defendants are not entitled to strike those claims for relief pursuant to the anti-SLAPP statute, although they may have other remedies available to them to address deficiencies in the pleading." (*Medical Marijuana, supra*, 6 Cal.App.5th at p. 621.) Because RE/Max defendants do not meet their burden to identify any protected activity that forms the basis of the causes of action alleged against them, the anti-SLAPP motion was properly denied.

## DISPOSITION

The order is affirmed. Zimmerman shall recover costs on appeal.

NOT TO BE PUBLISHED.

TANGEMAN, J.

We concur:

GILBERT, P. J.

PERREN, J.

5

Donna D. Geck, Judge

Superior Court County of Santa Barbara

_____

Manning & Kass, Ellrod, Ramirez, Trester, Fredric W. Trester, Jamileh Hawatmeh and Jeffrey Tsao, for Defendants and Appellants.

Law Office of Richard L. Antognini and Richard L. Antognini, for Plaintiff and Respondent.