Filed 5/25/21  Zarate v. McDaniel CA2/3

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(a). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115(a).

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| MARIA ZARATE et al.,<br><br>    Plaintiffs and Respondents,<br><br>    v.<br><br>ADAM MCDANIEL,<br><br>    Defendant and Appellant. | B302531<br><br>Los Angeles County<br>Super. Ct. No.<br>19PSCV00306 |

APPEAL from an order of the Superior Court of Los Angeles County, Peter A. Hernandez, Judge. Affirmed.

Law Offices of Robert A. Brown and Robert A. Brown for Defendant and Appellant.

Quadros & Cuellar, Micheli Quadros and Sarah Cuellar for Plaintiffs and Respondents.

# INTRODUCTION

Defendant Adam McDaniel appeals from the trial court's order denying his special motion to strike the complaint filed by plaintiffs Maria Zarate and Jose Lopez[1] (Code Civ. Proc.,[2] § 425.16; anti-SLAPP motion). McDaniel contends the court erred in denying his motion because all of plaintiffs' claims arose out of his status as co-defendant Lauren Torres's boyfriend and his protected activity of threatening to evict plaintiffs from rental property owned by Torres. As we explain, McDaniel failed to show any of plaintiffs' claims arose out of his alleged protected activity. We therefore affirm the court's order denying McDaniel's anti-SLAPP motion.

## FACTS AND PROCEDURAL BACKGROUND

### 1. The Rental Property Dispute

Plaintiffs are married and have four children. They speak only Spanish. Torres owns a home in Baldwin Park that she leases out. McDaniel is Torres's boyfriend.

In 2013, plaintiffs entered into an oral lease agreement to rent from Torres the Baldwin Park home for $1,250 per month. As part of the agreement, plaintiffs were provided three parking spots and the right to use the home's backyard. Plaintiffs gave Torres and McDaniel a $1,200 security deposit.

In June 2016, plaintiffs and Torres executed a new lease agreement. The agreement was presented to plaintiffs in English

---

[1] We collectively refer to Zarate and Lopez as "plaintiffs."

[2] All undesignated statutory references are to the Code of Civil Procedure.

only, and they never read or signed a Spanish-language version of the agreement. Plaintiffs agreed to pay Torres $1,200 per month in rent, along with another $1,200 security deposit to be paid over six payments of $200. As part of the new lease agreement, Torres and McDaniel agreed to provide plaintiffs a shed for storage.

After plaintiffs signed the 2016 lease agreement, Torres and McDaniel prohibited them from using one of the three parking spots and the entire backyard, and Torres and McDaniel failed to provide them a shed. Once plaintiffs made all of the security deposit installment payments, Torres and McDaniel demanded that they continue to pay $1,400 per month to rent the home.

Immediately after plaintiffs moved into the home, they discovered it was infested with cockroaches. Plaintiffs repeatedly asked Torres to hire an exterminator to eliminate the cockroaches, but Torres ignored their requests. Because of the cockroaches, plaintiffs couldn't store any dried food in their home or use their kitchen cabinets, drawers, or refrigerator. Plaintiffs also couldn't use their bathroom's cabinets because "holes in the walls and cabinets allow for cockroaches to infest the bathroom area." Each morning, plaintiffs would shake cockroaches out of the family's clothes, and their children often woke up in the middle of the night "to kill the cockroaches running on the walls and on their bed." Plaintiffs once had to take their youngest child to the doctor because he had cockroach bites "all over his body."

In April 2017, Torres served plaintiffs with a "notice of change in terms of tenancy" that increased the price of their rent to $1,400 per month. Torres and McDaniel claimed the increase in rent was to account for plaintiffs' use of a shed.

Throughout plaintiffs' tenancy, Torres and McDaniel "repeatedly took steps to make [the family] uncomfortable." Torres and McDaniel would enter plaintiffs' home without first providing proper notice, and they allowed the premises to become "uninhabitable." Torres and McDaniel also threatened to evict plaintiffs for failing to pay a $75 late fee that plaintiffs withheld due to the poor condition of the home. McDaniel claimed he would "proceed with an eviction" and refused to accept plaintiffs' rent payments.

Torres and McDaniel eventually gave plaintiffs a 60-day notice to move out in response to plaintiffs' "repeated requests and demands for the conditions at the premises to be remedied." Torres and McDaniel also filed three eviction lawsuits, the first two of which they later dismissed.

## 2. The Lawsuit

Plaintiffs filed a complaint asserting 18 causes of action against Torres and McDaniel. The first eight causes of action asserted claims for breach of the lease agreement and various statutory and common law violations arising out of the uninhabitable conditions in which Torres and McDaniel maintained the rental property. The 9th through 17th causes of action asserted claims for unlawful eviction, retaliation, and other violations arising out of Torres's and McDaniel's attempts to evict plaintiffs from the rental property. The 18th cause of action alleged Torres and McDaniel violated the covenant of good faith and fair dealing by, among other things, misrepresenting how much plaintiffs were required to pay in rent each month, failing to provide plaintiffs three parking spots, and maintaining the property in an inhabitable manner. Plaintiffs alleged that

4

McDaniel was the "agent, employee, employer, partner, manager, or controlling entity of [Torres]."

McDaniel filed an anti-SLAPP motion seeking to strike the claims asserted against him in plaintiffs' complaint. McDaniel's supporting memorandum of points and authorities spans little more than three pages. McDaniel asserted plaintiffs' claims arose out of his status as Torres's boyfriend and his threats to prosecute an unlawful detainer action, both of which McDaniel claimed were protected activities under section 425.16.

Although McDaniel acknowledged in his motion that plaintiffs' complaint asserts 18 causes of action, he did not individually address any of the claims. He also didn't discuss the factual allegations forming the basis for, or identify the elements comprising any of, plaintiffs' claims. McDaniel's argument that plaintiffs' claims arose out of his protected status as Torres's boyfriend consists of a single sentence: "A defendant cannot be sued based on his status as another defendant's boyfriend, as 'freedom of association' is constitutionally protected." McDaniel made no effort to explain which of plaintiffs' 18 causes of action implicate his right to freedom of association. Likewise, McDaniel didn't explain which of plaintiffs' claims arose out of his threats to file an unlawful detainer action. Nor did McDaniel explain how his alleged protected activities established the elements of any of plaintiffs' claims.

Plaintiffs opposed McDaniel's anti-SLAPP motion. In their opposition, plaintiffs argued, among other things, that McDaniel's motion was frivolous because it "lack[s] any reasoning as to how Defendant McDaniel's conduct amounts to an act in furtherance of his constitutional right to freedom of speech or right to petition." McDaniel didn't file a reply.

The court denied McDaniel's motion.[3] The court explained that McDaniel did not "demonstrate[] that [plaintiffs'] action falls within the same class of suits subject to the special motion to strike." According to the court, McDaniel failed to explain how his alleged protected activities formed the basis for any of plaintiffs' claims and failed to address how any of the claims arose out of protected activity even though plaintiffs alleged McDaniel engaged in other, non-protected activity.

McDaniel appeals.

## DISCUSSION

McDaniel contends the court erred in denying his anti-SLAPP motion because all of plaintiffs' claims arose out of activity that is protected under the anti-SLAPP statute. As we explain, McDaniel failed to show any of plaintiffs' claims arose out of protected activity. Accordingly, the court properly denied his motion.

Under section 425.16, a defendant may move to strike claims " 'arising from any act … in furtherance of the [defendant's] right of petition or free speech under the United States Constitution or the California Constitution in connection with a public issue.' " (*Wilson v. Cable News Network, Inc.* (2019) 7 Cal.5th 871, 884.) Section 425.16 does not completely insulate a defendant's protected speech; rather, it provides a mechanism "for weeding out, at an early stage, *meritless* claims arising from" protected activity. (*Baral v. Schnitt* (2016) 1 Cal.5th 376, 384 (*Baral*).)

---

[3] The record on appeal does not include a reporter's transcript from the hearing on McDaniel's anti-SLAPP motion.

6

Courts apply a two-prong test to evaluate an anti-SLAPP motion. (*Baral*, *supra*, 1 Cal.5th at p. 384.) "First, the defendant must establish that the challenged claim arises from activity protected by section 425.16." (*Ibid*.) To determine whether the plaintiff's causes of action arise from the defendant's protected activity, we look at the "pleadings, and supporting and opposing affidavits stating the facts upon which the liability or defense is based." (§ 425.16, subd. (b)(2); see also *Equilon Enterprises v. Consumer Cause, Inc*. (2002) 29 Cal.4th 53, 67.) If the defendant fails to satisfy the first prong, the court should deny the anti-SLAPP motion without reaching the second prong. (*Symmonds v. Mahoney* (2019) 31 Cal.App.5th 1096, 1103 (*Symmonds*).)

If the defendant meets his burden under the first prong, the plaintiff then must "demonstrate the merit of the claim by establishing a probability of success." (*Baral*, *supra*, 1 Cal.5th at p. 384.) "The court does not weigh evidence or resolve conflicting factual claims. Its inquiry is limited to whether the plaintiff has stated a legally sufficient claim and made a prima facie factual showing sufficient to sustain a favorable judgment. [The court] accepts the plaintiff's evidence as true, and evaluates the defendant's showing only to determine if it defeats the plaintiff's claim as a matter of law." (*Id*. at pp. 384–385.)

We independently review an order granting a special motion to strike under section 425.16. (*Paulus v. Bob Lynch Ford*, Inc. (2006) 139 Cal.App.4th 659, 672.)

McDaniel failed to meet his burden to show any of plaintiffs' claims arose out protected activity. As we noted above, at the first step of the analysis under the anti-SLAPP statute, the moving defendant carries the burden to establish the plaintiffs' claims arose out of activity protected. (*Baral*, *supra*, 1 Cal.5th at

7

p. 384.) To meet that burden, the defendant must identify all allegations of protected activity in the plaintiff's complaint and the claims for relief supported by those allegations. (*Id*. at p. 396.) The defendant also must identify "the elements of the challenged claim[s] and what actions by the defendant supply those elements and consequently form the basis for liability." (*Park v. Board of Trustees of California State University* (2017) 2 Cal.5th 1057, 1063 (*Park*).)

In his special motion to strike, McDaniel asserted that plaintiffs' claims arose out of his status as Torres's boyfriend and his threats to evict plaintiffs from their home. McDaniel failed, however, to discuss any of the specific allegations in plaintiffs' complaint, to identify or otherwise address any of plaintiffs' 18 causes of action, or to explain how any of those claims arose out of McDaniel's alleged protected conduct. (See *Baral*, *supra*, 1 Cal.5th at p. 396.) McDaniel also failed to identify the elements for plaintiffs' 18 causes of action and explain how his alleged protected conduct established those elements. (*Park*, *supra*, 2 Cal.5th at p. 1063.) And, as the court noted, McDaniel didn't address the fact that many of plaintiffs' claims are based, at least in part, on allegations concerning conduct that is not protected under the anti-SLAPP statute. (See *Baral*, at p. 396 [where complaint includes allegations arising out of protected and unprotected activity, defendant must show the challenged causes of action arise out of the protected activity].)

In short, McDaniel filed only a perfunctory anti-SLAPP motion. By doing so, he failed to meet his burden under the first prong of the anti-SLAPP statute. The court, therefore, properly denied his motion. (*Symmonds*, *supra*, 31 Cal.App.5th at p. 1103.)

To be sure, on appeal McDaniel tries to pump some life into the issues he failed to develop in the trial court. For example, he identifies, for the first time, each of the 18 causes of action asserted in plaintiffs' complaint and briefly discusses some of the factual allegations that he believes arose out of his protected activities—i.e., his status as Torres's boyfriend and his threats to evict plaintiffs. He also claims that plaintiffs conceded in the trial court that the gravamen of their claims included his threats to evict them from their home. These contentions, however, are too perfunctory and inadequately developed on appeal to merit consideration. (*Placer County Local Agency Formation Com. v. Nevada County Local Agency Formation Com.* (2006) 135 Cal.App.4th 793, 814 ["We need not address points in appellate briefs that are unsupported by adequate factual or legal analysis."].)

We also disagree that, as a general matter, the fact that plaintiffs' complaint is based, at least in part, on McDaniel's threats of eviction or was filed after Torres and McDaniel filed an unlawful detainer action means that all of plaintiffs' claims target McDaniel's protected activity. Numerous anti-SLAPP cases have discussed a landlord's unlawful detainer action that is followed by a tenant's lawsuit. (See, e.g., *Birkner v. Lam* (2007) 156 Cal.App.4th 275, 281–282 [lawsuit directed solely at the filing of an unlawful detainer action targets protected activity].) Where the complaint is predicated upon conduct distinct from the prosecution of an unlawful detainer action—even though the complaint is prompted by the unlawful detainer action or arises from it—the tenant's action is not targeted at protected activity and thus does not meet the first prong of the anti-SLAPP analysis. (See *Marlin v. Aimco Venezia, LLC* (2007) 154

Cal.App.4th 154, 161 [In general, "[t]erminating a tenancy or removing a property from the rental market are not activities taken in furtherance of the constitutional rights of petition or free speech."].) And, as we have said, McDaniel does not differentiate the claims predicated upon protected activity from those that do not target protected activity. Put differently, simply concluding that all of plaintiffs' claims arose out of protected activity does not satisfy McDaniel's burden on appeal. (See *City of Santa Maria v. Adam* (2012) 211 Cal.App.4th 266, 287 ["we may disregard conclusory arguments that are not supported by pertinent legal authority or fail to disclose the reasoning by which the appellant reached the conclusions he wants us to adopt"].)

In any event, it is well-established that " 'issues not raised in the trial court cannot be raised for the first time on appeal.' " (*Sea & Sage Audubon Society, Inc. v. Planning Com.* (1983) 34 Cal.3d 412, 417.) Likewise, " '[a] party is not permitted to change his [or her] position and adopt a new and different theory on appeal.' " (*In re Marriage of Broderick* (1989) 209 Cal.App.3d 489, 501.) To allow a party to raise new arguments or theories on appeal " 'would not only be unfair to the trial court, but manifestly unjust to the opposing litigant.' " (*Cable Connection, Inc. v. DIRECTV, Inc.* (2008) 44 Cal.4th 1334, 1350, fn. 12.) These principles apply in appeals challenging orders granting or denying anti-SLAPP motions. (See, e.g., *Roger Cleveland Golf Co., Inc. v. Krane & Smith, APC* (2014) 225 Cal.App.4th 660, 684, fn. 11, disapproved of on another grounds by *Lee v. Hanley* (2015) 61 Cal.4th 1225, 1239; *Hunter v. CBS Broadcasting, Inc.* (2013) 221 Cal.App.4th 1510, 1526.) Because McDaniel made no effort to develop in the trial court any of the arguments he raises in his

opening brief, we decline to address those arguments any further on appeal. (*Johnson v. Greenelsh* (2009) 47 Cal.4th 598, 603 [" '[N]o reason appears why we should not apply the established rule[] that … issues not raised in the trial court cannot be raised for the first time on appeal.' "].)

## DISPOSITION

The order denying McDaniel's anti-SLAPP motion is affirmed. Plaintiffs shall recover their costs on appeal.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

LAVIN, J.

WE CONCUR:

EDMON, P. J.

KALRA, J.*

---

* Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.