Filed 3/5/21  Colton v. Alai CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| ROLAND C. COLTON,<br><br>    Cross-complainant and Respondent,<br><br>        v.<br><br>NILI ALAI,<br><br>    Cross-defendant and Appellant. | G058297<br><br>(Super. Ct. No. 30-2017-00915715)<br><br>ORDER MODIFYING OPINION AND DENYING PETITION FOR REHEARING; NO CHANGE IN JUDGMENT |

It is ordered that the opinion filed herein on February 10, 2021, be modified as follows:

On page 2, in the second paragraph, replace the entire fourth sentence that begins "They do not arise" with the following sentence:  "They do not arise out of any activity protected by section 425.16."

This modification does not effect a change in judgment. The petition for rehearing filed on February 25, 2021 is DENIED.

FYBEL, J.

WE CONCUR:

O'LEARY, P. J.

THOMPSON, J.

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| ROLAND C. COLTON, | |
| Cross-complainant and Respondent, | G058297 |
| v. | (Super. Ct. No. 30-2017-00915715) |
| NILI ALAI, | O P I N I O N |
| Cross-defendant and Appellant. | |

Appeal from an order of the Superior Court of Orange County, Derek W. Hunt, Judge.  Affirmed.  Motion to Augment.  Denied.  Request for Judicial Notice. Denied.

Nili Alai, in pro. per., for Cross-defendant and Appellant.

Roland C. Colton, in pro. per.; and Colton Law Group for Cross-complainant and Respondent.

\*          \*          \*

INTRODUCTION

Cross-defendant Nili Alai appeals from an order denying her special motion to strike under California's anti-SLAPP statute, Code of Civil Procedure section 425.16 (the anti-SLAPP motion).[1] (All further statutory references are to the Code of Civil Procedure unless otherwise specified.) Cross-complainant, attorney Roland C. Colton, filed a cross-complaint against Alai, his former client. Colton alleged Alai made false representations and concealed material information from Colton to induce him to represent her in a medical malpractice case. Alai argues the cross-complaint arises out of protected activity because it refers to litigation activities and because it was filed in retaliation for her filing a complaint or asserting any requests, grievances, or inquiries against Colton.

We affirm. Alai failed to identify and analyze any allegations of the cross-complaint showing Colton's claims arise from protected activity. Colton's claims arise from Alai's course of conduct of making false representations to Colton regarding her compliance with court orders and her concealing from him information about pending litigation. They do not arise out of any privileged communication. Alai's argument that Colton pursued his cross-complaint against Alai, in whole or in part, in retaliation for her filing the underlying complaint against him or for her asserting any requests, grievances, or inquiries adverse to him, does not, in and of itself, render the claims of the cross-complaint subject to being struck under section 425.16.

BACKGROUND

Alai initiated this action by filing a form complaint against Colton, among others, in which she asserted claims for breach of contract, negligence, fraud, infliction of

_____

[1] "SLAPP is an acronym for 'strategic lawsuit against public participation.'" (*Jarrow Formulas, Inc. v. LaMarche* (2003) 31 Cal.4th 728, 732, fn. 1.) We refer to Alai's special motion to strike as the "anti-SLAPP motion."

emotional distress, an accounting, and violation of Business and Professions Code section 6146.

## I.

### THE CROSS-COMPLAINT

Colton filed a cross-complaint against Alai for intentional misrepresentation, fraud by concealment, negligent misrepresentation, and breach of contract. In support of his intentional and negligent misrepresentation claims, as relevant to the issues raised in this appeal, Colton alleged that in February 2015, Alai and Sam Nabili approached Colton about his taking over their representation as plaintiffs in a case entitled *Alai v. Shang* filed in Orange County Superior Court (*Alai v. Shang*).[2] Alai expressed that she and Nabili "needed representation on an extremely urgent basis, inasmuch as their prior counsel had withdrawn a couple of weeks before, leaving them without legal representation" for an imminently scheduled trial in the case and they had been unsuccessful in finding new counsel to represent them. The cross-complaint alleged: "As a result of further discussions and representations made by [Alai] to Colton . . . the parties entered into an Engagement and Fee Agreement on or about February 24, 2015 ('Agreement') . . . wherein Colton agreed to represent [Alai] and Sam Nabili in the prosecution of their claims against Dr. Shang."

Specifically, Colton alleged that before the execution of the Agreement, Alai made the following false representations: (1) Alai and Nabili had previously hired two law firms to represent them in *Alai v. Shang*; (2) "the 'litigation tactics of the defense firm effectively wore down each of the prior firms that had represented [Alai]', causing the prior two firms to file a motion to withdraw from the case;" (3) the "claim of a

---

[2] As stated in our unpublished opinion *Alai v. Shang* (Mar. 6, 2018, G053783), of which we take judicial notice on our own motion (Evid. Code, §§ 452, subd. (d), 459, subds. (a) & (b)), Alai and Nabili filed a medical malpractice case against Dr. Barbara Ya-Hui Shang. Nabili, who is also Alai's husband, is not a party in the instant case.

break-down between their prior attorneys and [Alai and Nabili] had been 'grotesquely exaggerated' and was merely an excuse for their prior attorneys to get out of the case 'when the real issue was the amount of work they were being forced to do, and the costs they were incurring, due to the actions of the defense attorneys, all for no compensation up front;'" (4) Alai and Nabili's prior attorneys "used 'lack of cooperation as an excuse to get out of the case when it wasn't a breakdown in the attorney-client relationship, but was they perceived a poor economic decision of their cost-benefit analysis;'" and (5) "most of the work on the medical malpractice case had already been done and that 'there finally seem[ed] to be an end in sight.'"

Colton alleged Alai falsely assured him, at the time they entered into the Agreement, that (1) Alai had fully complied with a trial court order requiring Alai and Nabili to exercise their best efforts to provide contact information for Alai's mother who was a witness in the case; (2) Alai had been fully cooperative in providing contact information for Alai's mother, but had been unable to provide a physical address or email address for her because they had become estranged; (3) Alai had fully complied with a trial court order dated October 31, 2014, prohibiting Alai and her counsel from contacting any former or current patients of Dr. Shang, other than Alai's immediate family members; (4) Alai created the EKC Foundation for the sole purpose of creating public awareness of the EKC virus (which, in the complaint she filed in *Alai v. Shang*, she alleged she contracted during an appointment with Dr. Shang)[3] and helping prevent spread of the virus; and (5) Alai mailed out packets of information to the public at large regarding the EKC Foundation but did not mail any packets to or request medical records from any of Dr. Shang's patients after the October 31, 2014 trial court order.

In support of his fraud by concealment and breach of contract claims, Colton also alleged Alai intentionally concealed the following facts at the time the parties

---

[3] *Alai v. Shang, supra*, G053783.

entered the Agreement because she knew Colton would not have otherwise agreed to represent her in *Alai v. Shang*: (1) Alai had another medical practice lawsuit pending in Santa Clara County in which she was seeking damages for emotional distress, pain and suffering, and economic loss incurred within the same timeframe as the one in which she sought damages in *Alai v. Shang*; (2) Alai had set up the EKC Foundation and sent packets of information to Dr. Shang's patients in direct violation of the trial court's order; and (3) Alai had forged the signature of a physician for diagnostic tests and/or medication for herself and had self-prescribed medication.

## II.

## ALAI'S ANTI-SLAPP MOTION

Alai filed an anti-SLAPP motion challenging the cross-complaint in its entirety on the ground it constituted "a meritless attack on" and retaliation for Alai's "petitioning activity and free speech." (Underlining and capitalization omitted.) In the anti-SLAPP motion, Alai argued: "Although Colton arguably has the right to file an action for 'breach of contract' as to his own retainer agreement which he executed with Alai in February 2015, the timing of Colton's cross-complaint—a full four and a half years after he alleges the breach occurred and after he accepted to represent Alai as counsel of record, two and a half years after Alai filed her complaint, and a mere 4 months after Alai filed her amicus brief in [another lawsuit involving Colton]—is rather incredulous. [¶] It does not take even the slightest bit of detective work to see through Colton's gamesmanship in strategically filing this subject frivolous cross-action in blatant reprisal for Alai's filing of the grievances with the Bar and the amicus brief just months prior, and to avoid having to address the matters with the Bar and accept possible warnings, directives, disciplinary action or sanctions from the Bar. Also, it does not take enormous unearthing here to discern that Colton's complaint not only has no merit, but it is also devoid of any legal basis. [¶] Clearly, it cannot be disputed that Colton's *pro per* cross-action filed on July 5, 2019 was temporally and reactively filed in direct reprisal by

5

Colton seeking to silen[ce] Alai, his critic and former client from her right to public redress of her grievances as to Colton's conduct pattern. Colton's cross-complaint arises solely out of Alai's exercise of her right to petition the courts and government for redress of grievances as protected by the Constitutions of the United States and the State of California, and was filed with the intent of punishing and/or chilling Alai's exercise of her Constitutionally protected rights." (Underlining, boldface, and some capitalization omitted.)

## III.

### THE TRIAL COURT DENIES THE ANTI-SLAPP MOTION.

In a minute order dated August 23, 2019, the trial court ruled: "The court denies the anti-SLAPP motion as to each cause of action of the Colton cross-complaint; none of the causes of action impinges on the moving party's rights to free speech or petition to the government; the court determines that it therefore need not evaluate the cross-complainant's probability of prevailing at trial. [Alai] to respond to cross-complaint within 14 days hereof." Alai appealed.[4]

## DISCUSSION

## I.

### SECTION 425.16 AND THE APPLICABLE STANDARD OF REVIEW

"A cause of action against a person arising from any act of that person in furtherance of the person's right of petition or free speech under the United States Constitution or the California Constitution in connection with a public issue shall be

---

[4]  Alai's notice of appeal states she appeals from (1) the judgment of dismissal after an order sustaining a demurrer; (2) an order denying her special motion to strike; and (3) an order denying the Code of Civil Procedure section 473, subdivision (b) motion to vacate dismissal after order sustaining a demurrer. On November 12, 2019, this court ordered that Alai's appeal is limited to the order entered on August 23, 2019 denying the anti-SLAPP motion and that the appeal is dismissed as to all other respondents.

6

subject to a special motion to strike, unless the court determines that the plaintiff has established that there is a probability that the plaintiff will prevail on the claim." (§ 425.16, subd. (b)(1).)

"The anti-SLAPP statute does not insulate defendants from *any* liability for claims arising from the protected rights of petition or speech. It only provides a procedure for weeding out, at an early stage, *meritless* claims arising from protected activity. Resolution of an anti-SLAPP motion involves two steps. First, the defendant must establish that the challenged claim arises from activity protected by section 425.16. [Citation.] If the defendant makes the required showing, the burden shifts to the plaintiff to demonstrate the merit of the claim by establishing a probability of success." (*Baral v. Schnitt* (2016) 1 Cal.5th 376, 384).)

"We review an order granting or denying an anti-SLAPP motion under the de novo standard and, in so doing, conduct the same two-step process to determine whether as a matter of law the defendant met its burden of showing the challenged claim arose out of protected activity and, if so, whether the plaintiff met its burden of showing probability of success." (*Newport Harbor Offices & Marina, LLC v. Morris Cerullo World Evangelism* (2018) 23 Cal.App.5th 28, 42.)

II.

ALAI FAILED TO SHOW THE CROSS-COMPLAINT AROSE FROM PROTECTED ACTIVITY.

In her opening brief, Alai argues the claims asserted in the cross-complaint arise from protected activity "because they are based on litigation communication, specifically the prosecution of the PI case [*Alai v. Shang*] and various speech which Colton alleges was made to him during that litigation. The plain language of Colton's Cross-Complaint demonstrates that he wrote his claims entirely based on alleged statements and contemplation of and in active litigation. [Citation.] Furthermore, consistent with the Cross-Complaint's contents, Colton filed suit shortly after Dr. Alai refused to withdraw her Complaint for professional negligence against Colton. In short,

7

Colton's 'fraud' claim arises from core petitioning activity and is subject to the anti-SLAPP statute."

Alai's arguments are without merit. We initially note that notwithstanding the fact that Alai had the burden of establishing the first prong of the anti-SLAPP analysis, she failed to identify and analyze specific allegations of the cross-complaint she contends show Colton's claims arise from protected activity or identify which category of section 425.16, subdivision (e) is implicated. Pursuant to California Supreme Court authority discussed *post*, the cross-complaint's references to court orders issued in *Alai v. Shang*, and Alai's pending action in Santa Clara County do not automatically render Colton's claims as arising from protected activity. It is also well-established that the mere filing of a cross-complaint, even if filed in response to or in retaliation for the filing of a complaint or some other adverse action does not, in and of itself, establish that the cross-complaint arises from protected activity within the meaning of section 425.16.

In *Park v. Board of Trustees of California State University* (2017) 2 Cal.5th 1057, 1062-1063 (*Park*), the California Supreme Court reiterated its prior precedent: "A claim arises from protected activity when that activity underlies or forms the basis for the claim. [Citations.] Critically, 'the defendant's act underlying the plaintiff's cause of action must *itself* have been an act in furtherance of the right of petition or free speech.' [Citations.] '[T]he mere fact that an action was filed after protected activity took place does not mean the action arose from that activity for the purposes of the anti-SLAPP statute.' (*Navellier v. Sletten* [(2002)] 29 Cal.4th [82,] 89; see *City of Cotati v. Cashman* [(2002) 29 Cal.4th 69,] 78, [suit may be in 'response to, or in retaliation for,' protected activity without necessarily arising from it].) Instead, the focus is on determining what 'the defendant's activity [is] that gives rise to his or her asserted liability—and whether that activity constitutes protected speech or petitioning.' [Citation.] 'The only means specified in section 425.16 by which a moving defendant can satisfy the ['arising from'] requirement is to demonstrate that the defendant's conduct by which plaintiff claims to

8

have been injured falls within one of the four categories described in subdivision (e) . . . .' [Citation.] In short, in ruling on an anti-SLAPP motion, courts should consider the elements of the challenged claim and what actions by the defendant supply those elements and consequently form the basis for liability."

The *Park* court elaborated: "Thus, for example, in *City of Cotati v. Cashman, supra*, 29 Cal.4th 69, the plaintiff city filed a state suit seeking a declaratory judgment that its rent control ordinance was constitutional. The suit followed in time the defendant owners' federal suit seeking declaratory relief invalidating the same ordinance. In the state action, the defendants filed an anti-SLAPP motion alleging the suit arose from their protected activity of filing the federal suit. The motion, we explained, should have been denied because the federal suit formed no part of the basis for the state claim. The city's potential entitlement to a declaratory judgment instead arose from the parties' underlying dispute over whether the ordinance was constitutional, a dispute that existed prior to and independent of any declaratory relief action by the owners. [Citation.]

"In contrast, in *Navellier v. Sletten, supra*, 29 Cal.4th 82, another case in which the defendant's protected activity was the prior filing of court claims, the prior claims were an essential part of the activity allegedly giving rise to liability. The *Navellier* plaintiffs sued for breach of contract and fraud, alleging the defendant had signed a release of claims without any intent to be bound by it and then violated the release by filing counterclaims in a pending action in contravention of the release's terms. Unlike in *City of Cotati*, the defendant was 'being sued because of the affirmative counterclaims he filed in federal court. In fact, but for the federal lawsuit and [the defendant's] alleged actions taken in connection with that litigation, plaintiffs' present claims would have no basis. This action therefore falls squarely within the ambit of the anti-SLAPP statute's "arising from" prong.' [Citation.]

"While in both cases it could be said that the claim challenged as a SLAPP was filed because of protected activity, in that perhaps the *City of Cotati* plaintiff would

9

not have filed suit had the defendant not done so first, in only *Navellier* did the prior protected activity supply elements of the challenged claim. The *City of Cotati* plaintiff could demonstrate the existence of a bona fide controversy between the parties supporting a claim for declaratory relief without the prior suit, although certainly the prior suit might supply evidence of the parties' disagreement. In contrast, specific elements of the *Navellier* plaintiffs' claims depended upon the defendant's protected activity. The defendant's filing of counterclaims constituted the alleged breach of contract. (*Navellier v. Sletten, supra*, 29 Cal.4th at p. 87.) Likewise, the defendant's misrepresentation of his intent not to file counterclaims, a statement we explained was protected activity made in connection with a pending judicial matter (see § 425.16, subd. (e)(1), (2)), supplied an essential element of the fraud claim (*Navellier*, at pp. 89-90). Together, these cases reflect what we have described elsewhere, in a non-SLAPP context, as 'a careful distinction between a cause of action based squarely on a privileged communication, such as an action for defamation, and one based upon an underlying course of conduct evidenced by the communication.'" (*Park, supra*, 2 Cal.5th at pp. 1063-1064.)

Here, Colton's claims are based on allegations of Alai's underlying course of conduct of deceit evidenced by her false representations to him regarding her compliance with existing court orders and her concealment of the existence of pending litigation that potentially conflicted with the matter in which she sought Colton's representation. They are not based on a written or oral statement made before a legislative, executive or judicial proceeding (§ 425.16, subd. (e)(1)); a written or oral statement or writing made in connection with an issue under consideration or review by a legislative, executive, or judicial body, or any other official proceeding authorized by law (*id.* at (e)(2)); any written or oral statement or writing made in a place open to the public or a public forum in connection with an issue of public interest (*id.* at (e)(3)); or any other conduct in furtherance of the exercise of the constitutional right of petition or the

10

constitutional right of free speech in connection with a public issue or an issue of public interest (*id.* at (e)(4)).

We reject the suggestion in Alai's opening brief that the alleged false representations constituted a mere litigation summary akin to that found to be protected in *Contemporary Services Corp. v. Staff Pro Inc.* (2007) 152 Cal.App.4th 1043, 1055. Unlike the litigation summary at issue in that case, Colton's claims are not based on Alai's communications to parties with an interest in litigation which describe the litigation parties' contentions and the court's rulings. (See *ibid*.)

Also, as discussed *ante*, any contention that the cross-complaint arises from protected activity because it followed her act of filing the underlying complaint and her other acts that were adverse to Colton, was directly rejected in *Park* and its progeny. (See, e.g., *Third Laguna Hills Mutual v. Joslin* (2020) 49 Cal.App.5th 366, 372 ["a cross-complaint will ordinarily not be considered a SLAPP suit because a cross[-]complaint usually arises from the underlying dispute alleged in the complaint, and not out of the litigation process itself; a defendant's oppressive litigation tactics alone will not trigger a dismissal under the anti-SLAPP statute"].) The cross-complaint does not mention the underlying complaint, any State Bar request, or other grievance or inquiry initiated by Alai.

As the anti-SLAPP motion did not identify allegations of the cross-complaint that constituted protected activity within the meaning of section 425.16, we do not reach the second prong of the anti-SLAPP analysis.

ALAI'S MOTION TO AUGMENT AND REQUEST FOR JUDICIAL NOTICE

During the pendency of this appeal, Alai filed a request that this court take judicial notice of (1) a brief filed in the California Supreme Court in November 2019 entitled "In Re Accusation re Colton"; (2) the petition for writ of *coram nobis* filed in *Alai v. Shang* (the petition); (3) a notice of joinder in the petition; (4) three declarations

11

filed in support of the petition; (5) "[t]he court reporter's transcript for the petition"; and (6) the request for judicial notice filed in support of the petition. Alai also asked this court to take judicial notice of the appellate briefs and record on appeal in one of the appeals stemming from *Alai v. Shang*, appellate case No. G053136. Alai has failed to show how any of the documents subject to her request for judicial notice are relevant to the issue presented in this appeal. Alai's request for judicial notice is therefore denied.

Alai also filed a motion to augment the appellate record with Colton's opposition to the anti-SLAPP motion and Alai's fourth amended complaint filed on March 19, 2019. Alai filed the motion to augment on July 29, 2020—over one month after Colton filed the respondent's brief. The motion is denied.

Alai did not file her motion to augment within a reasonable time and she failed to show good cause for her delay. (Advisory Com. comment to Cal. Rules of Court, rule 8.155 [while a party may request augmentation at any time, "[w]hether the motion is made within a reasonable time and is not for the purpose of delay, however, are among the factors the reviewing court may consider in ruling on such a motion"].)

Even if Alai had filed the motion within a reasonable time, it is without merit. Alai's fourth amended complaint is not material to, and does not otherwise assist us in, our determination of whether Alai carried her burden of proving the cross-complaint arises from protected activity within the meaning of section 425.16. While Colton's opposition to the anti-SLAPP motion is indisputably material to the issue presented on appeal, it became part of the appellate record when we granted Colton's motion to augment the record on May 28, 2020 to include that filing.

12

DISPOSITION

The order is affirmed.  Respondent shall recover costs on appeal.


FYBEL, J.

WE CONCUR:


O'LEARY, P. J.


THOMPSON, J.