Filed 4/26/21  Detamore v. Jain CA2/1

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| JASON A. DETAMORE et al.,<br><br>Plaintiffs and Respondents,<br><br>v.<br><br>SURESH JAIN et al.,<br><br>Defendants and Appellants. | B305561<br><br>(Los Angeles County<br>Super. Ct. No. 18SMCV00120) |

APPEAL from an order of the Superior Court of Los Angeles County, Mark A. Young, Judge.  Affirmed.

Rosario Perry for Defendants and Appellants.

Fisher & Wolfe, David R. Fisher, Ryan R. Gordon for Plaintiffs and Respondents.

_____

In a dispute involving several defendants, the plaintiffs alleged that one of the defendants, Devon Wheeler, sought a permit from the City of Los Angeles that should not be granted. Another defendant, Suresh C. Jain; Suresh & Usha Jain Living Trust 2003; and Pico 12300, LLC (collectively Jain), moved to strike the allegation as a strategic lawsuit against public participation (SLAPP), arguing that because plaintiffs alleged elsewhere in the complaint that all defendants conspired to interfere with the plaintiffs' business, this particular allegation constituted a strategic claim against the moving defendants' public participation. The trial court denied the motion on the ground that the plaintiffs asserted no claim against the moving defendant based on the allegation. We agree and affirm.

## BACKGROUND

We take the facts from the complaint, accepting them as true for purposes of this appeal.

Jain owned real property at 12320 W. Pico Boulevard in Los Angeles. Jason A. Detamore, Lisa M. Detamore, and Advanced Pain Solutions, Inc. (collectively the Detamores), in partnership with Devon Wheeler, operated a cannabis dispensary on the premises. The lease was in Wheeler's name.

In 2016, the Detamores sued Wheeler for breach of the partnership agreement. The litigation settled, with Wheeler agreeing to cede his interest in the partnership to the Detamores.

Three weeks after the settlement, Jain instituted eviction proceedings against Wheeler. Wheeler immediately stipulated to the eviction, which ultimately forced the Detamores to move to a new location. Jain then leased the property to Gabriel Dezio, Wheeler's half brother.

2

On January 8, 2017, the Detamores' dispensary moved across the street to a new location, and the next day, January 9, Wheeler began operating a new dispensary at the old location.

The Detamores sued Jain, Wheeler and other parties for breach of contract, interference with contractual relations and prospective economic advantage, and violation of Business and Professions Code section 17200, essentially alleging that Jain and Wheeler conspired to interfere with the Detamores' business.

At issue here is paragraph 36 of the complaint, which alleged as follows:

"The Detamores are informed and believe that [Wheeler's] Dispensary has applied for an Adult Recreational Use License (a 'Recreational License'). If [Wheeler's] Dispensary is granted such a Recreational License, zoning laws may prohibit the Detamores from operating their dispensary at the New Location. It would be a gross injustice if the Detamores are deprived of the right to operate their business due to [Wheeler's] Dispensary being granted a Recreational License even though [Wheeler's] Dispensary does not have a lawful right to exist or operate, and is operating in violation of the Settlement Agreement."

The complaint alleged elsewhere that all defendants were mutual agents, alter egos, and coconspirators.

The Detamores sought disgorgement of "monies paid to Defendants for facilitating" Wheeler's dispensary, "an injunction prohibiting the operation of a marijuana dispensary at the Premises," and reimbursement of lost profits suffered due to "Defendants' interference with the Settlement Agreement and the facilitation of [Wheeler's] dispensary."

Jain specially moved to strike paragraph 36, arguing that Wheeler's application for a license constituted protected activity,

3

and the Detamores had no reasonable probability of prevailing on any claim against Jain arising from the allegations in paragraph 36.

The trial court denied the motion, finding that although "the conduct of applying for a permit is protected, [Jain has] not shown that Plaintiff actually alleges that [Jain] engaged in this particular conduct."

Jain appeals.

## DISCUSSION

Jain argues that the Detamores' claims against it arise in part from the allegation in paragraph 36. We disagree.

Code of Civil Procedure section 425.16 provides, "A cause of action *against a person* arising from any act *of that person* in furtherance of the person's right of petition or free speech under the United States Constitution or the California Constitution in connection with a public issue shall be subject to a special motion to strike, unless the court determines that the plaintiff has established that there is a probability that the plaintiff will prevail on the claim." (§ 425.16, subd. (b)(1), emphasis added.)

A "special motion to strike under [Code of Civil Procedure] section 425.16 involves a two-step process. First, the moving defendant must make a prima facie showing 'that the act or acts of which the plaintiff complains were taken "in furtherance of the [defendant]'s right of petition or free speech under the United States or California Constitution in connection with a public issue," as defined in the statute.' " (*City of Montebello v. Vasquez* (2016) 1 Cal.5th 409, 420.) "If the defendant makes this initial showing of protected activity, the burden shifts to the plaintiff at the second step to establish a probability it will prevail on the claim." (*Ibid.*)

The term "cause of action" "refers to claims for relief that are based on allegations of protected activity." (*Baral v. Schnitt* (2016) 1 Cal.5th 376, 396.) "At the first step, the moving defendant bears the burden of identifying all allegations of protected activity, *and the claims for relief supported by them*. When relief is sought based on allegations of both protected and unprotected activity, the unprotected activity is disregarded at this stage. If the court determines that relief is sought based on allegations arising from activity protected by the statute, the second step is reached." (*Ibid.*, italics added.)

We independently review whether a moving party has made a threshold showing that the challenged cause of action arises from protected activity. (*Grewal v. Jammu* (2011) 191 Cal.App.4th 977, 988.)

The parties agree that Wheeler seeking a permit from the City of Los Angeles constitutes protected activity.

However, Jain identifies no claim for relief against it (or anyone) based on Wheeler's permit application, and we discern none. Therefore, the trial court properly denied Jain's anti-SLAPP motion without requiring that the Detamores demonstrate a probability of prevailing.

Jain argues that through boilerplate agency, coconspirator and alter ego allegations earlier in the complaint, the Detamores seek to hold it liable for Wheeler's protected conduct, triggering operation of the anti-SLAPP statute. We disagree. Paragraph 36 forms the basis of no claim even against Wheeler, much less Jain. The Detamores seek an injunction against, and recovery for damages suffered as a result of, *operation* of the competing dispensary, and for Jain's interference with the settlement agreement by leasing the premises to Wheeler. No cause of

5

action or prayer for relief is predicated on Wheeler's dispensary seeking a permit from the City of Los Angeles.

Jain argues that in prior pleadings in this years-long litigation, of which it intends to seek judicial notice, the Detamores have basically equated Jain with Wheeler, alleging them to be, in effect, the same entity. We have received no request for judicial notice of other pleadings, which in any event would be irrelevant. In paragraph 36 of *this* pleading, no claim is made against Jain.

Jain argues without elaboration that an anti-SLAPP motion may be brought on behalf of another person to protect that person's petitioning and free speech activities. But absent some attempt to fill out a syllogism here, we deem the argument forfeited.

## DISPOSITION

The order denying Jain's special motion to strike is affirmed. Respondents are to recover their costs on appeal.

NOT TO BE PUBLISHED

CHANEY, J.

We concur:

ROTHSCHILD, P. J.          FEDERMAN, J.[*]

---

[*] Judge of the San Luis Obispo County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.