Filed 8/23/21  Safe Credit Union v. Diaz CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(San Joaquin)

----

| | |
|---|---|
| SAFE CREDIT UNION,<br><br>        Plaintiff, Cross-defendant and<br>        Appellant,<br><br>    v.<br><br>JULIET M. DIAZ,<br><br>        Defendant, Cross-complainant and<br>        Respondent. | C092158<br><br>(Super. Ct. No.<br>STKCVUOC201813550) |

Plaintiff and cross-defendant SAFE Credit Union (SAFE) sued defendant and cross-complainant Juliet M. Diaz for an outstanding balance owed by her on a car loan after SAFE repossessed and auctioned the car subject to the loan.  Diaz cross complained alleging she and other members of a putative class were victims of SAFE's unfair debt collection practices.  Generally, Diaz alleged SAFE issued legally inadequate notices of its intent to sell repossessed vehicles.  Because of the legally inadequate notices, SAFE

1

was precluded from seeking outstanding balances on the loans from her and members of the putative class, yet attempted to do so through multiple means including litigation. Diaz alleged SAFE violated the Rees-Levering Automobile Sales Finance Act (Rees-Levering Act) (Civ. Code, § 2981 et seq.), the Rosenthal Fair Debt Collection Practice Act (Rosenthal Act) (Civ. Code, § 1788 et seq.), and the unfair competition law (Bus. & Prof. Code, § 17200 et seq.). SAFE filed a special motion to strike pursuant to Code of Civil Procedure[1] section 425.16 to strike from Diaz's cross-complaint the allegations, to which it refers as "Litigation Claims," pertaining to SAFE's litigation. The trial court denied SAFE's motion. We affirm.

FACTUAL AND PROCEDURAL BACKGROUND

Diaz filed a class action cross-complaint against SAFE in SAFE's suit seeking from her the outstanding balance on a car loan after SAFE's repossession and sale of the car subject to the loan. On behalf of herself and others similarly situated, Diaz sought damages, injunctive relief, and restitution under the Rees-Levering Act, the Rosenthal Act, and the unfair competition law.

Specifically, Diaz alleged she brought the suit "to challenge the unlawful, unfair and deceptive practices of [SAFE] following repossession of [her] and the putative class's motor vehicles under a conditional sales contract. [¶] . . . In particular[,] [SAFE] failed to provide [Diaz] and the class with statutorily-mandated notices of their legal rights and obligations after repossession of their motor vehicles . . . [¶] . . . [SAFE] wrongfully deprived [Diaz] and the putative class of their right to reinstate or redeem their conditional sales contract after repossession, negligently and/or fraudulently misrepresented the rights and obligations of the parties following repossession, collected, or sought to collect, a deficiency from [Diaz] and the putative class following

---

[1]     Further references are to the Code of Civil Procedure unless indicated otherwise.

2

repossession for which [Diaz] and the putative class are not liable as a matter of law. [¶] . . . [SAFE]'s statutory post-repossession notice ('Statutory Notice') is a form document. [SAFE] sent the Statutory Notice to numerous members of the putative class. [SAFE] is not entitled to collect on any alleged deficiency balances from members of the putative class who received such Statutory Notice, and [Diaz] is seeking to enjoin these collections activities . . . ."

Diaz alleged a written notice was mailed to her "that stated that her vehicle had been repossessed and would be sold unless she reinstated her contract or redeemed the vehicle . . . [¶] . . . [SAFE] refused to grant [Diaz] her statutory rights as set forth in the notice, and required her to perform additional undisclosed actions as conditions precedent to reinstatement. In addition, [Diaz]'s Statutory Notice did not contain several of the disclosures mandated by [the Rees-Levering Act]."

Diaz alleged three causes of action: First, violation of the Rees-Levering Act under the theory the statutory notice SAFE sent pursuant to Civil Code section 2983.2, subdivision (a) did not contain the mandated disclosures and information required by that section. As a consequence, Diaz could not be held liable for the balance of the loan, yet SAFE continued to attempt to collect the outstanding balance from her. Second, violation of the Rosenthal Act under the theory SAFE attempted to collect a nonexistent outstanding balance by making false representations that Diaz owed a debt, demanding payment, and suing her. Third, violation of the unfair competition law based on eight specifically alleged business practices Diaz argued were unlawful, fraudulent, and contrary to public policy. One such alleged business practice was the filing of "collection suits against [her] and the class [that did not] comply with Civil Code § 2983.8(b) by failing to file an affidavit of compliance with the Rees-Levering Act."

SAFE filed a special motion to strike several allegations, i.e., the Litigation Claims, "and each cause of action to the extent based on them" from Diaz's cross-complaint. SAFE argued that each of Diaz's causes of action relied in part on these

3

Litigation Claims involving SAFE's exercise of protected activity, thus the burden must shift to Diaz to demonstrate she could prevail on her claims.

The trial court denied SAFE's special motion to strike reasoning that "each of Ms. Diaz's causes of action in the cross-complaint is dependent upon the allegation that [SAFE] violated provisions of the Rees-Levering Automobile Sales Finance Act," which "is not an activity that constitutes protected speech or petitioning."

SAFE appeals.

## DISCUSSION

### I

### *Legal Background*

" 'A SLAPP[2] is a civil lawsuit that is aimed at preventing citizens from exercising their political rights or punishing those who have done so. " 'While SLAPP suits masquerade as ordinary lawsuits such as defamation and interference with prospective economic advantage, they are generally meritless suits brought primarily to chill the exercise of free speech or petition rights by the threat of severe economic sanctions against the defendant, and not to vindicate a legally cognizable right.' " ' " (*Sheley v. Harrop* (2017) 9 Cal.App.5th 1147, 1160-1161, quoting *Simpson Strong-Tie Co., Inc. v. Gore* (2010) 49 Cal.4th 12, 21.)

" 'In 1992, out of concern over "a disturbing increase" in these types of lawsuits, the Legislature enacted section 425.16, the anti-SLAPP statute. [Citation.] The statute authorized the filing of a special motion to strike to expedite the early dismissal of these unmeritorious claims. [Citation.] To encourage "continued participation in matters of public significance" and to ensure "that this participation should not be chilled through abuse of the judicial process," the Legislature expressly provided that the anti-SLAPP

---

**2**     Strategic lawsuit against public participation. (See *Wilson v. Cable News Network, Inc.* (2019) 7 Cal.5th 871, 882, fn. 2.)

4

statute "shall be construed broadly." ' " (*Sheley v. Harrop*, *supra*, 9 Cal.App.5th at p. 1161, quoting *Simpson Strong-Tie Co., Inc. v. Gore*, *supra*, 49 Cal.4th at p. 21.)

"The anti-SLAPP statute 'provides a procedure for weeding out, at an early stage, *meritless* claims arising from protected activity.' " (*Sheley v. Harrop*, *supra*, 9 Cal.App.5th at p. 1161, quoting *Baral v. Schnitt* (2016) 1 Cal.5th 376, 384.) "The statute applies to 'cause[s] of action against a person *arising from any act of that person in furtherance of the person's right of petition or free speech* under the United States Constitution or the California Constitution in connection with a public issue.' " (*Sheley*, at p. 1161, quoting § 425.16, subd. (b)(1).) "As used in the statutory scheme, ' "act in furtherance of a person's right of petition or free speech under the United States or California Constitution in connection with a public issue" includes: (1) any written or oral statement or writing made before a legislative, executive, or judicial proceeding, or any other official proceeding authorized by law, (2) any written or oral statement or writing made in connection with an issue under consideration or review by a legislative, executive, or judicial body, or any other official proceeding authorized by law, (3) any written or oral statement or writing made in a place open to the public or a public forum in connection with an issue of public interest, or (4) any other conduct in furtherance of the exercise of the constitutional right of petition or the constitutional right of free speech in connection with a public issue or an issue of public interest.' " (*Sheley*, at p. 1161, quoting § 425.16, subd. (e).)

"A special motion to strike involves a two-step process." (*Sheley v. Harrop*, *supra*, 9 Cal.App.5th at p. 1161, citing *Baral v. Schnitt*, *supra*, 1 Cal.5th at p. 384.) " '[I]f the defendant does not meet its burden on the first step, the court should deny the motion and need not address the second step.' " (*Sheley*, at p. 1162.) On appeal, we review de novo whether SAFE met its initial burden of showing the claim arises out of protected activity. (*Ibid.*)

## II

*SAFE Has Not Demonstrated How The*

*Litigation Claims Give Rise To A Claim For Relief*

For complaints and cross-complaints alleging mixed causes of action arising from both protected and unprotected activity, "[a]t the first step, the moving defendant bears the burden of identifying all allegations of protected activity, *and the claims for relief supported by them.* When relief is sought based on allegations of both protected and unprotected activity, the unprotected activity is disregarded at this stage. If the court determines that relief is sought based on allegations arising from activity protected by the statute, the second step is reached." (*Baral v. Schnitt*, *supra*, 1 Cal.5th at p. 396, italics added.)

"The scope of the term 'cause of action' in section 425.16(b)(1) is evident from its statutory context. When the Legislature declared that a 'cause of action' arising from activity furthering the rights of petition or free speech may be stricken unless the plaintiff establishes a probability of prevailing, it had in mind *allegations of protected activity that are asserted as grounds for relief.* The targeted claim must amount to a 'cause of action' in the sense that it is alleged to justify a remedy. By referring to a 'cause of action against a person arising from *any act* of that person in furtherance of' the protected rights of petition and speech, the Legislature indicated that *particular* alleged acts giving rise to a claim for relief may be the object of an anti-SLAPP motion. (§ 425.16(b)(1), italics added.) . . . Thus, in cases involving allegations of both protected and unprotected activity, the plaintiff is required to establish a probability of prevailing on any claim for relief based on allegations of protected activity." (*Baral v. Schnitt*, *supra*, 1 Cal. 5th at p. 395.)

SAFE contends the trial court should have reached the second stage of the analysis because the Litigation Claims, which were multiple allegations throughout the cross-complaint in which Diaz mentioned or alluded to the lawsuit SAFE filed against her,

arose from protected activity. We disagree. An allegation is not stricken simply because it involves protected activity. A special motion to strike under section 425.16 is utilized to strike distinctive claims for relief arising out of protected activity, and the allegations of protected activity supporting those claims. (*Baral v. Schnitt*, *supra*, 1 Cal.5th at pp. 393-395.) At the trial court, and again on appeal, SAFE does not identify claims for relief supported by the Litigation Claims beyond simply pointing to Diaz's allusion to the protected activity. This is not sufficient to meet its burden.

"Typically, a pleaded cause of action states a legal ground for recovery supported by specific allegations of conduct by the defendant on which the plaintiff relies to establish a right to relief. If the supporting allegations include conduct furthering the defendant's exercise of the constitutional rights of free speech or petition, the pleaded cause of action 'aris[es] from' protected activity, at least in part, and is subject to the special motion to strike authorized by section 425.16(b)(1)." (*Baral v. Schnitt*, *supra*, 1 Cal.5th at pp. 381-382.) But, "[a]ssertions that are 'merely incidental' or 'collateral' are not subject to section 425.16." (*Id.* at p. 394.) Thus, "[a]llegations of protected activity that merely provide context, without supporting a claim for recovery, cannot be stricken under the anti-SLAPP statute." (*Ibid.*)

Indeed, as our Supreme Court's recent decision in *Bonni* demonstrates the anti-SLAPP analysis begins with consideration of the elements of each claim, the actions alleged to establish those elements, and whether those actions are protected. (*Bonni v. St. Joseph Health System* (2021) 11 Cal.5th 995.) SAFE did not engage in this consideration, which it was required to do to meet its burden. (*Id.* at p. 1010, citing *Baral v. Schnitt*, *supra*, 1 Cal.5th at p. 396.) Nowhere in the trial court, nor on appeal, does SAFE identify the elements of Diaz's claims for recovery and how the actions alleged in her cross-complaint establish those elements.

SAFE has consistently listed several paragraphs from Diaz's cross-complaint and asserted those paragraphs "and each cause of action to the extent based on them" must be

7

stricken because they involve protected activity. Accordingly, SAFE has failed to carry its burden at the first step of our analysis to identify claims for recovery, not just allegations, arising out of protected activity.

## DISPOSITION

The order is affirmed. SAFE shall pay Diaz's costs on appeal. (Cal. Rules of Court, rule 8.278(a)(1)-(2).)


/s/
Robie, J.


We concur:


/s/
Raye, P. J.


/s/
Duarte, J.

8