**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JAN 24 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

YOUNGEVITY INTERNATIONAL
CORP.; et al.,

      Plaintiffs-counter-claim-
      defendants-Appellants,

v.

WILLIAM ANDREOLI; et al.,

      Defendants-counter-
      claimants-plaintiffs-
      Appellees.

No.   18-55031

D.C. No.
3:16-cv-00704-BTM-JLB

MEMORANDUM[*]

Appeal from the United States District Court
for the Southern District of California
Barry Ted Moskowitz, Chief Judge, Presiding

Argued and Submitted December 3, 2018
Pasadena, California

Before: TASHIMA and IKUTA, Circuit Judges, and KENNELLY,[**] District
Judge.

---

[*]      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]      The Honorable Matthew F. Kennelly, United States District Judge for
the Northern District of Illinois, sitting by designation.

Youngevity International Corporation appeals the partial denial of its special motion to strike some of Wakaya Corporation's counterclaims to Youngevity's complaint. *See* Cal. Civ. Proc. Code § 425.16. Youngevity also appeals the district court's denial of Youngevity's motion to dismiss certain counterclaims on the ground they are subject to an arbitration provision in Youngevity's distributor agreement. We have jurisdiction under 28 U.S.C. § 1291, *see Batzel v. Smith*, 333 F.3d 1018, 1024 (9th Cir. 2003) (holding that the denial of an anti-SLAPP motion is appealable under § 1291) and 9 U.S.C. § 16(a)(1) (permitting appeal from the denial of a motion to compel arbitration).[1]

We reject Youngevity's argument that Wakaya's counterclaims must be struck in their entirety because they are based on statements by Youngevity that are protected by section 425.16. Because California courts review each statement within a pleading, and strike only protected statements, *see Baral v. Schnitt*, 1 Cal. 5th 376, 390–92 (2016), we separately consider each statement that Youngevity argues is protected under section 425.16.

---

[1] Because exhibits one through six of Wakaya's supplemental excerpts of record were not before the district court at the time of its December 13, 2017 order, *see Lowry v. Barnhart*, 329 F.3d 1019, 1024 (9th Cir. 2003), we GRANT Youngevity's motion to strike those exhibits. To the extent Youngevity moves to strike arguments in Wakaya's pleadings, however, that motion is DENIED. We also DENY Wakaya's motion to supplement the record on appeal with excerpts from a deposition that were not before the district court. *See id.*

2

We lack jurisdiction to review the district court's determination that Joel Wallach's oral statements, Steve Wallach's email, and Michelle Wallach's alleged emails constitute commercial speech and therefore are not protected by the anti-SLAPP statute. *See* Cal. Civ. Proc. Code § 425.17(c). Such a determination is not subject to interlocutory review. *See* Cal. Civ. Proc. Code § 425.17(e); *Breazeale v. Victim Servs.*, 878 F.3d 759, 766 (9th Cir. 2017).

We reverse the district court's decision not to strike those portions of Wakaya's counterclaims based on the republication of the Verified Complaint and the Youngevity press release, which summarized the substance of the Verified Complaint. California's litigation privilege applies to communications made in judicial proceedings, *see* Cal. Civ. Code § 47(b), and extends to communications regarding such judicial proceedings made to people with "a substantial interest in the outcome of the pending litigation," *see Abraham v. Lancaster Cmty. Hosp.*, 217 Cal. App. 3d 796, 823 (1990); *see also Argentieri v. Zuckerberg*, 8 Cal. App. 5th 768, 783–84 (2017) (indicating that the litigation privilege protects statements made to persons with a "substantial interest" in the litigation, but not statements made to "the general public through the press"). For this reason, the republication of the Verified Complaint and the dissemination of the Youngevity press release to its distributors and the marketing community (which had such a substantial

3

interest) constitute protected speech.[2]  Therefore, to the extent Wakaya's counterclaims are based on the republication of the Verified Complaint and Youngevity's press release, Wakaya cannot carry its burden of showing there is a probability that it will prevail on those claims, *see* Cal. Civ. Proc. Code § 425.16(b).

Finally, we affirm the district court's denial of Youngevity's motion to dismiss or compel arbitration.  Youngevity litigated its own claims that were based on the same factual nexus as Wakaya's claims for eighteen months before seeking to compel arbitration.  Because Youngevity acted inconsistently with the arbitration provision in its distributor agreement, and this inconsistent conduct was prejudicial to Wakaya, Wakaya carried its burden of proving that Youngevity waived its right to arbitrate.  *See Britton v. Co-op Banking Grp.*, 916 F.2d 1405, 1412 (9th Cir. 1990).

Each party shall bear its own costs on appeal.

**DISMISSED IN PART, AFFIRMED IN PART, REVERSED IN PART.**

---

[2] Because we decide on this ground, we do not reach the district court's ruling that there is a factual dispute as to whether BFH constituted a "public journal" for purposes of the fair reporting privilege, *see* Cal. Civ. Code § 47(d), nor do we need define the term "public journal" under California law.