Filed 7/1/25  Trabuco Highlands Community Association v. Loeffler CA4/3

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION THREE

| | |
|---|---|
| TRABUCO HIGHLANDS COMMUNITY ASSOCIATION,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>JENNIFER LOEFFLER,<br><br>Defendant and Appellant. | G063862<br><br>(Super. Ct. No. 30-2022-01298111)<br><br>O P I N I O N |

Appeal from an order of the Superior Court of Orange County, Michael J. Strickroth, Judge. Affirmed.

Rhino Law Firm and Steven Lewis Rader for Defendant and Appellant.

Kulik Gottesman Siegel & Ware, Leonard Siegel, and Mitchell S. Brachman for Plaintiff and Respondent.

In this next chapter of an ongoing dispute between a homeowner and her homeowner's association, Jennifer Loeffler appeals from the partial grant of a special motion to strike certain causes of action in her cross-complaint brought by the Trabuco Highlands Community Association (the Association) pursuant to Code of Civil Procedure section 425.16[1] (section 425.16), the anti-SLAPP statute. The trial court found Loeffler's cause of action alleging a violation of the Rosenthal Fair Debt Collection Practices Act (Civ. Code, § 1788 et seq.; Rosenthal Act) arose from protected activity and Loeffler did not demonstrate the minimal merit of it. Loeffler contends the court erred in both respects and unwarrantedly awarded the full amount of attorney fees requested by the Association notwithstanding the court's partial denial of the anti-SLAPP motion. Performing a de novo review, and on the record before us, we conclude the court properly granted the anti-SLAPP motion as to the Rosenthal Act cause of action. And concerning attorney fees, we find Loeffler waived her right to contest the award by failing to challenge the Association's request below. Accordingly, we affirm the anti-SLAPP order.

FACTS

Litigation between the parties has been ongoing for years. It began after Loeffler stopped paying homeowner's association assessments to the Association and filed a preemptive lawsuit against it. Among other matters, she sought to quiet her property title and challenge the validity of assessment liens recorded against her property by the Association. The Association cross-complained, seeking to recover roughly $17,000 in unpaid

---

[1] All further statutory references are to the Code of Civil Procedure, unless stated otherwise.

2

assessments, late charges, and interest. We refer to the prior action (Orange County Superior Court case number 30-2016-00873201) involving Loeffler's complaint and the Association's cross-complaint as the "Prior Action."[2]

After the Association successfully disposed of certain causes of action in the Prior Action early on, the remaining ones went to trial. The ultimate result was a judgment in the Association's favor on both the complaint and the cross-complaint. Thereafter, the Association filed two motions for attorney fees—one relating to Loeffler's complaint and the other relating to the cross-complaint—collectively seeking over $900,000. The trial court awarded the Association $456,330. In unpublished opinions, this court affirmed the post-trial judgment and the post-judgment attorney fees award. (*Loeffler v. Trabuco Highlands Community Association* (June 7, 2022, G059753); *Loeffler v. Trabuco Highlands Community Association* (Dec. 10, 2021, G059087).) With two subsequent attorney fee awards to the Association for appellate related work, the total judgment against Loeffler rose to nearly $554,000.

One day before the Association recorded an abstract of judgment, Loeffler allegedly recorded a grant deed purporting to transfer her property to a California limited liability company. The Association filed suit, alleging "the grant deed is a sham and a fraud calculated to thwart [the Association's] resort to [Loeffler's property] for the satisfaction of the [j]udgment against [her]." Loeffler responded with a cross-complaint (the cross-complaint) which seeks injunctive relief and damages for breach of the Association covenants,

---

[2] On our own motion, we judicially notice certain documents filed in the Prior Action, of which the trial court took judicial notice at the Association's request. (Evid. Code, §§ 452, subd. (d)(1), 459, subd. (a)(1).)

conditions, and restrictions (CC&Rs), as well as violations of the Rosenthal Act, the Fair Debt Collection Practices Act (15 U.S.C. § 1692 et seq.; FDCPA), and the Consumer Credit Reporting Agencies Act (Civ. Code, § 1785.1 et seq.). Among other things, she alleges memoranda and declarations filed in conjunction with certain Prior Action attorney fees motions "falsely stated that the attorneys' fees claimed therein had been 'billed to' and incurred by [the Association], when, in fact, [the Association] never paid, agreed to pay, or became legally obligated to pay . . . anywhere near the amount of fees claimed on the motion[s]."

The Association filed an anti-SLAPP motion to strike three out of the four causes of action in the cross-complaint. It argued the targeted causes of action all concerned "statements made in connection with or fees incurred in the [Prior] [A]ction," which means they arose from protected activity under the anti-SLAPP statute. It also contended they failed as a matter of law because, inter alia, the litigation privilege (Civ. Code, § 47, subd. (b)) and/or collateral estoppel applied.

Loeffler obtained trial court approval for limited discovery to enable her to respond to the anti-SLAPP motion and subsequently filed an opposition. From her perspective, at least two of the causes of action did not fall within the scope of the anti-SLAPP statute and neither the litigation privilege nor collateral estoppel barred any of them. In conjunction with the opposition, Loeffler filed a declaration from her attorney. Among the exhibits attached to the declaration were various documents filed in the Prior Action and attorney fee invoices produced by the Association as part of the limited discovery.

After a hearing, the trial court partially granted and partially denied the anti-SLAPP motion. It determined the anti-SLAPP statute did not

4

apply to two of the three targeted causes of action because they did not arise from protected activity. In contrast, it found the remaining cause of action, which alleged a violation of the Rosenthal Act, arose from protected activity, Loeffler did not provide evidence establishing its minimal merit, and the Association demonstrated it failed as a matter of law due to the litigation privilege and collateral estoppel. Accordingly, it granted the motion as to the Rosenthal Act claim only. At the Association's request, the court also awarded the Association $6,300 in attorney fees.

Loeffler timely appealed.

DISCUSSION

Loeffler contends the trial court erred in granting the anti-SLAPP motion as to the Rosenthal Act cause of action. She argues it does not arise from activity protected by the anti-SLAPP statute and, alternatively, the Association's affirmative defenses do not defeat it as a matter of law. In addition, she asserts the court's attorney fees award is erroneous because it granted the fees request in full without considering whether a reduction was necessary due to the partial denial of the anti-SLAPP motion. The latter contention is waived due to failure to oppose the attorney fees request below, and, on the record before us, we conclude the court properly granted the anti-SLAPP motion as to the relevant cause of action.

I.

ANTI-SLAPP LEGAL PRINCIPLES AND STANDARD OF REVIEW

"The Legislature enacted section 425.16 in response to 'a disturbing increase in lawsuits brought primarily to chill the valid exercise of the constitutional rights of freedom of speech and petition for the redress of grievances.'" (*Rand Resources, LLC v. City of Carson* (2019) 6 Cal.5th 610, 619.) The special motion to strike provided for in the statute is "'intended to

5

resolve quickly and relatively inexpensively meritless lawsuits that threaten free speech on matters of public interest.'" (*Ibid*.) By legislative direction, the statute is to "be construed broadly." (§ 425.16, subd. (a).)

"Litigation of an anti-SLAPP motion involves a two-step process. First, 'the moving defendant bears the burden of establishing that the challenged allegations or claims "aris[e] from" protected activity in which the defendant has engaged.'" (*Bonni v. St. Joseph Health System* (2021) 11 Cal.5th 995, 1009 (*Bonni*).) The statute sets forth four categories of protected activity. (§ 425.16, subd. (e).) The focus at this step is identifying the alleged protected acts and determining whether they supply the basis for any claim. (*Bonni*, at p. 1010.) "It does not matter that other unprotected acts may also have been alleged within what has been labeled a single cause of action; these are 'disregarded at this stage.'" (*Ibid*.)

"Second, for each claim that does arise from protected activity, the plaintiff must show the claim has 'at least "minimal merit."'" (*Bonni, supra*, 11 Cal.5th at p. 1009.) This step of the anti-SLAPP analysis "has been described as a summary-judgment-like procedure. [Citation.] The court determines whether "'the plaintiff has stated a legally sufficient claim and made a prima facie factual showing sufficient to sustain a favorable judgment.'" [Citation.] The plaintiff "'may not rely solely on its complaint, even if verified; instead, its proof must be made upon competent admissible evidence.'" [Citation.] The defendant may submit evidence in support of its motion. [Citation.] However, "'[t]he court does not weigh evidence or resolve conflicting factual claims.'" [Citation.] Rather, the court "'accepts the plaintiff's evidence as true, and evaluates the defendant's showing only to determine if it defeats the plaintiff's claim as a matter of law. [Citation.] '[C]laims with the requisite minimal merit may proceed.'"'" (*Billauer v.*

*Escobar-Eck* (2023) 88 Cal.App.5th 953, 962 (*Billauer*).) Conversely, "[i]f the plaintiff cannot make this showing, the court will strike the claim." (*Bonni*, at p. 1009.)

"On appeal, we review [an anti-SLAPP] motion de novo and independently determine whether the parties have met their respective burdens." (*Cross v. Cooper* (2011) 197 Cal.App.4th 357, 371 (*Cooper*).) We employ the same two-step process used by the trial court. (*Billauer, supra*, 88 Cal.App.5th at p. 962.) "'Only a [claim] that satisfies *both* prongs of the anti-SLAPP statute—i.e., that arises from protected speech or petitioning *and* lacks even minimal merit—is a SLAPP, subject to being stricken under the statute.'" (*Ibid.*)

## II.

### STEP ONE: ARISING FROM PROTECTED ACTIVITY

The Association argued in its moving papers below, and maintains on appeal, the Rosenthal Act cause of action arises from protected activity as defined in section 425.16, subdivision (e)(2), which encompasses "any written or oral statement or writing made in connection with an issue under consideration or review by a legislative, executive, or judicial body, or any other official proceeding authorized by law." We agree.

Enacted in 1977, the Rosenthal Act aims "to prohibit debt collectors from engaging in unfair or deceptive acts or practices in the collection of consumer debts . . . and to require debtors to act fairly in entering into and honoring [such] debts." (Civ. Code, § 1788.1, subd. (b).) Among other matters, it generally requires "debt collector[s] collecting or attempting to collect a consumer debt" to comply with the provisions of its federal counterpart, the FDCPA. (Civ. Code, § 1788.17; *Davidson v. Seterus, Inc.* (2018) 21 Cal.App.5th 283, 295.) "Debt collector" is defined as "any

7

person who, in the ordinary course of business, regularly, on behalf of that person or others, engages in debt collection." (§ 1788.2, subd. (c).) And, based on other statutorily defined terms, "for debt collection activity concerning money to fall within the scope of the Rosenthal Act, it must involve money due or owing, or alleged to be due or owing, by reason of a transaction in which property, services, or money is acquired on credit primarily for personal, family, or household purposes." (*Hagey v. Solar Service Experts, LLC* (2023) 94 Cal.App.5th 1303, 1308.)

The complaint alleges, in relevant part, the Association "engaged in unfair or unconscionable means to collect, or attempt to collect, a debt from [Loeffler]." It identifies two alleged acts by the Association: (1) the obtaining of "[c]ourt orders awarding [the Association] attorneys' fees, never incurred by [the Association] through extrinsic fraud on the State court"; and (2) the Association's "issu[ance] [of] correspondence threatening liens against, and to foreclose upon, [Loeffler's] property, in order to collect a debt in an amount unauthorized by law or contract." Other allegations confirm the debt being referred to is the attorney fees ordered in the Prior Action, and the alleged fraud and unauthorized amount stems from alleged "knowingly false representations" made to the court in the Prior Action.

With the alleged wrongful acts being ones done in the Prior Action and in enforcing the resulting judgment, including the awarded attorney fees, the Rosenthal Act cause of action arises from litigation related activity protected under the anti-SLAPP statute. (See *Weeden v. Hoffman* (2021) 70 Cal.App.5th 269, 285 [obtaining abstract of judgment and recording it as real property lien are acts falling within scope of anti-SLAPP statute]; *O'Neil-Rosales v. Citibank (South Dakota) N.A.* (2017) 11 Cal.App.5th. Supp. 1, 6 [Rosenthal Act claim based on obtaining abstract of judgment and

8

recording it as real property lien was subject to anti-SLAPP statute]; *Rohde v. Wolf* (2007) 154 Cal.App.4th 28, 35 [statements, writings and pleadings in connection with civil litigation are covered by anti-SLAPP statute].)

Although Loeffler did not contest the anti-SLAPP statute's application to the Rosenthal Act cause of action in the trial court, she contends on appeal it does not apply because "her claims arose from acts which preceded, by months and years, [the Assocation's] filing of its complaint in this action." Relying on *Raining Data Corp. v. Barrenechea* (2009) 175 Cal.App.4th 1363, she argues "a cross-complaint becomes subject to an anti-SLAPP motion to strike only when it 'arises from' the filing and prosecution of the complaint filed in the pending action." The case on which she relies does not stand for such a broad proposition. Further, in making the argument, Loeffler concedes her cause of action arose, at least in part, "from declarations filed by [the Association] in prior litigation." As previously explained, such acts fall directly within the ambit of the anti-SLAPP statute.

Loeffler's other argument concerning the inapplicability of the anti-SLAPP statute is likewise unavailing. She asserts the Rosenthal Act cause of action is not only based on false declarations in the Prior Action, but also on the Association's "subsequent efforts to collect from [her] regular assessments in excess of that permitted under [the Association] CC&R's [*sic*]." Loeffler stretches the complaint's allegations too far. Nothing in the complaint ties the Association's efforts to collect assessments on a forward-looking basis to the Rosenthal Act cause of action. Instead, as the trial court recognized, that allegation forms the basis of a different cause of action which alleges a breach of the CC&Rs.

With the relevant cause of action arising from protected activity, we turn to the second step of the anti-SLAPP analysis.

III.

STEP TWO: MINIMAL MERIT

The second step of the anti-SLAPP analysis requires evaluating whether a plaintiff has met their burden of demonstrating their claims which arise from protected activity are legally sufficient and factually substantiated. (*Baral v. Schnitt* (2016) 1 Cal.5th 376, 396.) Loeffler's argument in this regard is twofold. First, she claims the trial court applied the wrong legal standard. Second, she argues neither of the Association's two asserted affirmative defenses bars the Rosenthal Act cause of action. We do not address the first argument because our review is de novo. (*Cooper, supra*, 197 Cal.App.4th at p. 371.) Similarly, we do not reach the arguments concerning the Association's litigation privilege and collateral estoppel affirmative defenses because, as we explain, Loeffler did not meet her burden of demonstrating the minimal merit of her claims irrespective of the applicability of the defenses.[3]

As previously explained, the Rosenthal Act cause of action is based on two alleged acts by the Association: (1) the filing of knowingly false declarations to obtain an unlawful attorney fees award; and (2) the sending of correspondence to Loeffler threatening liens against, and foreclosure on, her property to collect on the judgment in the Prior Action. But, there is no evidence concerning those actions. Indeed, Loeffler did not provide the trial court with the attorney fees related declarations or the correspondence. With

---

[3] For the same reason, we do not reach arguments raised by the Association for the first time on appeal, including whether the relevant cause of action is time barred and whether the attorney fees award, under the circumstances of this case, qualifies as a consumer debt under the Rosenthal Act.

10

no evidence concerning the alleged wrongful acts, Loeffler necessarily failed to demonstrate the minimal merit of her cause of action. Allegations are insufficient to survive the second step of the anti-SLAPP analysis. (*Billauer, supra*, 88 Cal.App.5th at p. 962.)

Because the Rosenthal Act cause of action is, at minimum, not factually substantiated, the trial court correctly ordered it stricken from the complaint. (*Baral, supra*, 1 Cal.5th at p. 396.)

IV.

ATTORNEY FEES

With exceptions that do not apply here, "a prevailing defendant on a special motion to strike shall be entitled to recover that defendant's attorney's fees and costs." (§ 425.16, subd. (c)(1).) Pursuant to that provision, the trial court granted the Association's request for $6,300 in attorney fees. Loeffler challenges the award, claiming the court failed to consider whether any of the claimed hours concerned work on unsuccessful parts of the anti-SLAPP motion and, if so, whether a reduction in the requested amount was appropriate under the circumstances. However, nowhere in the record does it show Loeffler opposed the Association's fee request, let alone challenged the claimed hours; she simply opposed the anti-SLAPP motion on its merits. Thus, Loeffler waived any right to challenge the fees award on appeal. (*Southern California Gas Co. v. Flannery* (2016) 5 Cal.App.5th 476, 483, fn. 7 [party who did not oppose motions in trial court waived all arguments against motions on appeal]; *Feduniak v. California Coastal Com.* (2007) 148 Cal.App.4th 1346, 1381 [failure to raise issue in trial court waives or forfeits issue on appeal].)

11

## DISPOSITION

The anti-SLAPP order is affirmed. The Association is entitled to costs on appeal.


DELANEY, J.

WE CONCUR:


MOTOIKE, ACTING P. J.


GOODING, J.